**LUTU S. & AFOA FOUVALE on behalf of their family, Plaintiffs**

**v.**

**FAAMAO TIUMALU and ASALELE and wife AGA, Defendants**

No. 45-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Poata" in Fagatogo]

September 19, 1961

Lutu, Counsel for the plaintiffs.

Lolo, Counsel for the defendants.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Plaintiffs filed their petition seeking an order evicting the defendants from a small piece of land lying behind the Shimasaki store in Fagatogo. The plaintiffs claim that the land involved is a part of the land Tuanu'u and that it is the communal property of the Afoa-Lutu-Taesali-Tupua Family. The defendants claim that it is a part of the land Poata and the communal property of the Tiumalu Family of Fagatogo.

Prior to the hearing the Court viewed the land in the presence of the parties and their counsel.

Immediately behind the store is the garage of Faamao; to the rear of the garage is an oblong Samoan house and a small palagi house occupied by the defendants Asalele and

his wife Aga and their children. Faamao occupies the Samoan house at times together with the other defendants. He lived in it with one Salesa up to the time of the war. Asalele is Faamao's adopted son Faasamoa.

It was clear from the evidence that the land on which the garage and the oblong Samoan house and the small palagi house stand has been in the actual, open, peaceable, notorious, continuous and exclusive possession of the Tiumalu people since long before the establishment of the Government in 1900 and that the Tiumalu people have claimed it as their own communal family property during all of that time.

Defendant Faamao, a son of Tiumalu Faigata, was born on this land in 1894. The Samoan house is the fourth erected by the Tiumalu people on the spot where the present Samoan house stands. The first two were built by Faigata; the second two by Faamao. When the timbers in each of the first three houses got "old and rotten," the house was torn down and a new one put up on the same spot. A Samoan house may last 15 or 20 years or longer before the timbers in it get "old and rotten." The small palagi house on the land in dispute has been up for about 18 years. All of these houses were built by the Tiumalu people without any objection by the Afoa-Lutu-Taesali-Tupua people. Lutu never tried to get possession of the houses or the land until he and Afoa instituted this present action a short time ago.

Tiumalu Faigata died about 1902. His wife was Taitai who came from Upolu. She had a brother Salesa (Faamao's uncle) who came to Tutuila about the time of Faigata's death to help his sister look after herself and her children by Faigata. He lived on this land with her and the children for many years. He died about 1947. Faamao prepared his body for burial. His funeral was held in the guest house of Tuiasosopo Mariota, a member of the Tiumalu Family, and he was buried in the Tiumalu graveyard on

Tiumalu land. Tiumalu Lailai took care of Salesa when he got old. Salesa got the title Moatia in the Afoa-Lutu-Taesali-Tupua Family, and he seems to have lived in that family for at least a part of his life. How he happened to get the title was not made clear to the Court.

Lutu claimed that many years ago Charles Scanlan, Sr. leased a part of the land in dispute from Afoa Molio'o for use as a site for a bakery. However an examination of the lease together with accompanying documents in the records of the Registrar of Titles revealed the fact that the land leased was not a part of the land in dispute but another and different piece of land. Lutu showed the Court a couple of notations in the diary of Lutu Afoa Faasuka in which the diarist stated that in 1938 and 1939 Moatia (Salesa's matai name) had asked him for permission for Faamao to put up or extend his garage, and that it was granted. Faasuka has been dead for a good many years, and the statement was pure hearsay from a legal standpoint and not subject to cross-examination, its author being dead. Faamao denied that he had ever authorized Moatia to ask any such permission.

Faamao testified that he first put up his garage in 1931 and later he extended it. Lutu testified it was first put up in 1938. Afoa, the other plaintiff and one of the four chiefs of the Afoa-Lutu-Taesali-Tupua Family, did not know whether his brother chief gave permission or not. If Lutu Faasuka in fact did give such permission, it is indeed peculiar that Afoa would know nothing about it.

As before stated, the evidence is clear to the effect that the Tiumalu people have had actual, open, peaceable, notorious, continuous, and exclusive possession of the land in dispute since long before the establishment of the Government and that during all of that time they have claimed the land as their own communal property. The Government was established on April 17, 1900 when the U.S. flag was

first raised over Tutuila and Aunu'u and the islands ceded to the United States. If the plaintiff's family did have any claim to this land, that claim was extinguished by the operation of the 20-year statute of limitations—the occupation and claim of ownership by the Tiumalu Family being adverse to any claim of the plaintiffs' family.

Section 907(2) of the Code provides that the "Statutory period governing the acquisition of title by adverse possession" shall be 20 years. This Court has held that the statute of 21 James I, c. 16, enacted in 1623, limiting actions for the recovery of real property to 20 years after the right of entry accrued, was brought to American Samoa as a part of the common law. It follows, therefore, that if the plaintiffs did have any claim to the disputed land, such claim was extinguished 20 years after the flag was raised, regardless of the statute of limitations presently in our Code, viz. Section 907(2) supra. The period of limitation under 21 James I, c. 16, was the same as our present statutory period of limitation, i.e., 20 years. The effect of the running of the statutory period of 20 years is to vest title in the adverse possessor. 2 Corpus Juris Secundum 803. This principle was laid down by the Supreme Court of the United States in *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586 at Page 607. And we have applied the same rule in numerous cases in American Samoa, among them *High Chief Fuimaono v. Moananu and Felila*, No. 12-1955 (H.C. of Am. S.); *Puailoa v. Leapaga*, No. 64-1948 (H.C. of Am. S.); *Fagafa v. Toia*, No. 18-1957 (H.C. of Am. S.). The statute of 21 James I, c. 16, has been held to be a part of the common law in the United States. See 12 Corpus Juris 193, n. 30(a).

We hold that as against the plaintiffs the Tiumalu Family had a good title to the land in dispute as early as April 17, 1920. Conceding that Moatia did ask permission in 1938 and 1939 of Lutu Faasuka for Faamao to put up his

garage, such permission, if granted,—as Faasuka said in his diary it was—would not operate to divest the Tiumalu Family of a pre-existing valid title. Furthermore, such permission could be of no significance anyway since it appeared from the evidence that Faamao did not authorize Moatia to act as his agent in requesting the permission and knew nothing about it.

It is our conclusion that the plaintiffs have not proved their case and that their petition should be dismissed.

### ORDER

Accordingly, it is ORDERED that the plaintiffs' petition be and it is hereby dismissed.

Costs in the sum of $25.00 are hereby assessed against Lutu and Afoa Fouvale, the same to be paid within 30 days.